**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Kyle Howard,

        Plaintiff,

v.

Environmental Fluids Incorporated, et al.,

        Defendants.

No. CV-25-00088-PHX-DWL

**ORDER**

On December 11, 2025, the Court ordered the Clerk to enter a Rule 54(b) judgment awarding $429,023.50 against Defendant Environmental Fluids Inc. ("EFI"), with Defendant Casey Amundson being jointly and severally liable with EFI for $7,440.30 of that sum. (Doc. 53.) The Clerk entered judgment accordingly. (Doc. 54.) The Court also ordered Plaintiff to file a notice explaining how he intended to proceed on his remaining claims against Defendants Ryan Esner and Edward Esner (or to file a voluntary dismissal as to those defendants). (Doc. 53.)

On December 24, 2025, Plaintiff filed a notice indicating that he intended to file either a motion for default judgment or a motion for summary judgment on his remaining claims against Defendants Ryan Esner and Edward Esner. (Doc. 56.) Plaintiff also noted that he and Edward Esner "were previously in the process of scheduling a settlement conference with a magistrate judge"[1] and Plaintiff intended "to continue that effort." (*Id.*)

---

[1] The parties' August 15, 2025 Rule 26(f) report requested reference to a magistrate judge for a settlement conference (Doc. 36), and on August 18, 2025, the Court referred the case to Magistrate Judge Aguilera for that purpose, directing counsel to contact Judge Aguilera's chambers within 14 days. (Doc. 38.) The docket does not reflect that counsel

On January 20, 2026, Plaintiff filed an application for writ of garnishment from U.S. Bank to satisfy the judgment against EFI.  (Doc. 60.)  On January 21, 2026, the writ of garnishment issued.  (Doc. 61.)  On January 23, 2026, Plaintiff served EFI with the writ.  (Doc. 62.)

On February 10, 2026, the Clerk received and docketed U.S. Bank's answer to the writ of garnishment.  (Doc. 64-1.)[2]

On February 26, 2026, Plaintiff filed a "Notice of Intent to Serve Post-Judgment Subpoena on Third Party" seeking "information regarding accounts and assets held by the garnishee in the name of the judgment debtor," including "(1) All monthly bank statements held in the name of corporation; (2) Signature cards and account-opening documents; (3) All deposit and withdrawal records; (4) All wire transfer records; (5) Any documents identifying authorized signers or beneficial owners."  (Doc. 65 at 1, 4.)

That same day, February 26, 2026, Plaintiff filed an Application for Garnishment Judgment, requesting entry of a garnishment judgment by the Clerk.  (Doc. 66.)  "In a garnishment of monies or indebtedness, if the answer shows that the garnishee was indebted to the judgment debtor at the time of service of the writ, and no objection to the writ or answer is timely filed, on application by the judgment creditor the court shall enter judgment on the writ against the garnishee for the amount of the nonexempt monies of the judgment debtor owed or held by the garnishee at the time of service of the writ"  A.R.S. § 12-1584(A).  No objection to the writ or answer having been timely filed, Plaintiff is entitled to judgment on the writ.  Although the Application for Garnishment Judgment was directed to the Clerk, the statute appears to contemplate that judgment will be entered by the Court, such that the Clerk's office has converted the application into a pending motion.  A judgment shall enter forthwith.

---

ever contacted Judge Aguilera's chambers.

[2]    The answer, as filed, was missing page 2.  (Doc. 64.)  Upon inquiry from the undersigned, the Clerk located page 2 and filed a corrected scan on March 17, 2026. (Doc. 64-1.)  Nevertheless, the temporary omission of page 2 from the filed copy appears harmless because pursuant to A.R.S. § 12-1579(C), U.S. Bank was required to deliver a copy of the answer to EFI.

As a final matter, Defendants Ryan Esner and Edward Esner filed an answer on June 13, 2025 (Doc. 30) and met and conferred with Plaintiff to develop the Rule 26(f) report on August 6, 2025. (Doc. 36.) In August/September 2025, Counsel for Ryan and Edward Esner withdrew with Edward's consent and without Ryan's objection. (Docs. 39, 40, 41, 43, 44.) Ryan Esner's mail has been returned as undeliverable since that time. (Docs. 45, 52, 55.) Although Plaintiff indicated in December 2025 that he was pursuing settlement efforts with Edward Esner (Doc. 56), the February 12, 2026 deadline to engage in good faith settlement talks and requirement to file a joint report on the settlement talks no later than five working days after the deadline (Doc. 37 at 7) lapsed unheeded. Additionally, the March 19, 2026 dispositive motion deadline (*id.* at 5) has now expired and no such motions have been filed.

Thus, Plaintiff is ordered to show cause why his claims against Defendants Ryan Esner and Edward Esner should not be dismissed for failure to prosecute and failure to adhere to a court order. "It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). "When considering whether to dismiss a case for lack of prosecution, the district court must weigh the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits, and the availability of less drastic sanctions." *Id.* The Ninth Circuit has affirmed dismissal without prejudice for a delay as short as four weeks, noting that "[a] relatively brief period of delay is sufficient to justify the district court's sending a litigant to the back of the line." *Id.* at 497.

Accordingly,

**IT IS ORDERED** that Plaintiff's Application for Garnishment Judgment (Doc. 66) is **granted**. A separate judgment shall issue.

**IT IS FURTHER ORDERED** that Plaintiff shall, by **April 3, 2026**, file either (1) a notice of voluntary dismissal of this action or (2) a memorandum, not to exceed five pages, showing cause why his claims against Defendants Ryan Esner and Edward Esner

- 3 -

should not be dismissed for failure to prosecute and failure to adhere to court orders.

Dated this 20th day of March, 2026.

Dominic W. Lanza
United States District Judge